UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHRISTOPHER E. WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | CAUSE NO.: 1:19-CV-97-HAB |

**OPINION AND ORDER**

Plaintiff Christopher E. Washington, proceeding pro se, has sued the Social Security Administration. This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint or Alternatively Summary Judgment [ECF No. 13]. Defendant moves to dismiss Plaintiffs' claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, Defendant asks for summary judgment.

**BACKGROUND**

On February 8, 2019, Plaintiff filed his Complaint in Allen Superior Court. On March 19, 2019, Defendant removed Plaintiff's Complaint to federal court pursuant to 28 U.S.C. § 1442(a)(1). On May 15, 2019, Defendant moved to Dismiss Plaintiff's Complaint or, alternatively, for summary judgment. Defendant provided notice of the filing to Plaintiff, advising Plaintiff of his obligation to respond. On May 20, 2019, Plaintiff filed a

Response, addressing two of Defendant's arguments. Plaintiff asserts that he exhausted administrative remedies before filing his lawsuit, and that the derivative jurisdiction doctrine is not a bar.

On May 20, 2019, Plaintiff sought leave to file an Amended Complaint [ECF No. 21]. Because Federal Rule of Civil Procedure 15(a)(1)(B) permits this amendment as a matter of course, the Court deems the operative pleading to be the Amended Complaint [ECF No. 21-1] that Plaintiff attached to his Motion. According to the Amended Complaint, this is a cause of action for discrimination pursuant to Title II of the Social Security Act, and pursuant to Indiana Code § 22-9-1-2, based on "race, sex, disability, national origin, etc." (Am. Compl. ¶ 1.) Plaintiff alleges that Defendant forced him to pay back overpayments to the Social Security Administration at a rate of $100.00 per month until his balance was paid in full. Plaintiff did not agree with the decision to reduce his monthly payments by $100.00, but all his appeals of the decision were denied. He has suffered emotional distress as well as pain and suffering. Plaintiff requests damages in the amount of $100 million.

**LEGAL ANALYSIS**

Under Rule 8's pleading requirements, a Plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" that is sufficient to provide the defendant with "fair notice" of the claim and its basis. Fed. R. Civ. P. 8(a)(2). To assure that a pleading suffices to give effective notice to the opposing party, a complaint must contain facts that are sufficient, when accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Pleadings that fail to meet this standard are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 680. A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a case if the court lacks the statutory authority to hear and decide the dispute. The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *See United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If subject matter jurisdiction is not evident from the face of the complaint, a court must analyze the motion like any other motion to dismiss and assume for purposes of the motion that the allegations in the complaint are true. Where the complaint is formally sufficient, but the contention is that there is no subject matter jurisdiction, the movant may use affidavits and other materials to support the motion. The burden of proof on the Rule 12(b)(1) issue is on the party asserting jurisdiction. *Id.*[1]

---

[1] Defendant argues that the Allen Superior Court lacked jurisdiction over the claim, and therefore this Court also lacks jurisdiction under the derivative jurisdiction doctrine. The Court finds that, because this case must be dismissed for other reasons, it need not address the issue of derivative jurisdiction, which is not a matter of subject matter jurisdiction, but a "mere defect in

3

"To maintain a viable claim against the United States in federal court, a party must satisfy two requirements. In particular, the plaintiff not only must identify a statute that confers subject matter jurisdiction on the district court but also a federal law that waives the sovereign immunity of the United States to the cause of action." *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002). "Failure to satisfy either requirement mandates the dismissal of the plaintiff's claim." *Id.* The United States Supreme Court has said that "[s]overeign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Any waiver of sovereign immunity "must be unequivocally expressed in statutory text" and cannot be implied. *Lane v. Pena*, 518 U.S. 187, 192 (1996). The plaintiff bears the burden of establishing that any waiver of sovereign immunity encompasses his claim. *See Lundeen v. Mineta*, 291 F.3d 300, 304 (5th Cir. 2002).

The Social Security Act creates a right to seek review of a final agency decision and provides a waiver of sovereign immunity. The Act provides for judicial review of "any final decision of the [agency] made after a hearing." 42 U.S.C. § 405(g). The Act is clear that review is available only "as herein provided"—that is, only under the terms of § 405(g). 42 U.S.C. § 405(h); *see also Smith v. Berryhill*, — S. Ct. —, No. 17-1606, 2019 WL 2257159, at *3 (U.S. May 28, 2019); 20 C.F.R. § 404.900. Thus, judicial review is limited to a particular type of agency action—a "final decision . . . made after a hearing." Plaintiff

---

the process by which a case reaches federal court." *Rodas v. Seidlin*, 656 F.3d 610, 621 (7th Cir. 2011).

4

has not asserted claims that fall within this grant of authority or the waiver of sovereign immunity.

Plaintiff's allegations show his disagreement with Defendant's decision to withhold $100.00 per month from his benefits. "Whenever the Commissioner of Social Security finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made, under regulations prescribed by the Commissioner of Social Security." 42 U.S.C. § 404(a)(1). The Social Security Act's governing regulations specifically exclude from administrative and judicial review a decision to withhold "less than the full amount of your monthly benefit to recover an overpayment." 20 C.F.R. § 404.903(e); *cf.* 20 C.F.R. § 404.902 (listing agency actions that are initial determinations subject to the administrative review process and judicial review). Accordingly, this Court has no authority to review Defendant's decision to withhold $100.00 from Plaintiff's payments.

However, this Court would have jurisdiction to review the Commissioner's final decision to deny a request to waive that payment adjustment. Section 404(b) of the Act provides that in a case "in which more than the correct amount of payment has been made, there shall be no adjustment of payments to . . . any person who is without fault if such . . . recovery would defeat the purpose [of Title II of the Act] or would be against equity and good conscience." 42 U.S.C. § 404(b). The implementing regulations provide a process for requesting such a waiver. 20 C.F.R. § 404.506; *see also* 20 C.F.R. § 404.930. It is a four-step process that begins with a request for waiver and culminates in an ALJ hearing and review by the Appeals Council. *Id.*

Plaintiff's Amended Complaint references an appeal of "the decision," without explanation whether this was the decision to withhold $100.00 or the decision to deny a waiver. Defendant provides the Declaration of Kimberly Johnson, a Program Expert for Region V of the Social Security Administration as evidence that, although Plaintiff filed a waiver request, he did not exhaust the administrative remedies related to that request.

The Court must first decide whether it can look to the Declaration when deciding Defendant's Motion. A court can, of course, consider evidence going to subject matter jurisdiction when considering a motion pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). However, whether a plaintiff has exhausted his administrative remedies, though a prerequisite to suit, does not implicate federal subject matter jurisdiction and is better addressed under Rule 12(b)(6) than Rule 12(b)(1). *See Smith*, No. 17-1606, 2019 WL 2257159, at *5 (referring to the administrative exhaustion prescribed by the Social Security Administration as "nonjurisdictional"). Accordingly, for the court to consider matters outside the pleadings, it must treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

The Court finds that treating the Motion as one for summary judgment with respect to the exhaustion issue is appropriate, and further finds that Plaintiff had a reasonable opportunity to present all the material related to the exhaustion issue. Plaintiff was advised through Defendant's Notice [ECF No. 15] that if he did not agree with the facts in the motion and the court treated it as a motion for summary judgment in the

alternative, he had to submit affidavits or other evidence to dispute those facts. The Notice set forth the complete text of Rule 56 and Northern District of Indiana Local Rule 56-1. Plaintiff's filings, including his response to Defendant's Motion, reveal his position that a letter he received from the Social Security Office of the General Counsel indicating that its decision was final is evidence that he exhausted his administrative remedies. (*See, e.g.*, ECF Nos. 4 (attaching March 11, 2019, Letter), 12, 20 (referencing same Letter).) Indeed, many of the exhibits that Plaintiff has offered in this litigation in support of his claim are also referenced in Johnson's Declaration and attached thereto.

Neither the Letter nor anything else in Plaintiff's Exhibits A–M create a genuine issue of triable fact. The Office of the General Counsel sent the March 11, 2019, Letter to Plaintiff in response to a program discrimination complaint he filed on January 15, 2019. (ECF No. 4 at 3 ("Re: Your Civil Rights Discrimination Complaint".) The Letter was not in response to any appeal of the decision related to Defendant's recovery of the overpayment.

Although Plaintiff filed a waiver request on May 8, 2017, he did not attend the scheduled personal conference to discuss the denial of his waiver request or take any additional steps in the administrative review process. (Johnson Decl. ¶ 4(e)–(f).) Thus, Plaintiff completed only one of the four steps of the administrative review process with respect to his overpayment and did not obtain a final agency decision before filing this lawsuit. Defendant is entitled to judgment as a matter of law on any claim to challenge the withholding decision.

To the extent Plaintiff is pursuing damages for pain and suffering that the agency's decision caused, § 405(g) is not a waiver of the United States' sovereign immunity. "Section 405(g) does not contain a damages remedy . . . a claimant . . . may not ask for consequential damages resulting from the SSA's alleged incorrect benefits decision." *Kenney v. Barnhart*, No. SACV 05-426 MAN, 2006 WL 2092607, at *5 (C.D. Cal. July 26, 2006); *see also Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988) (damages unavailable in action challenging Social Security determination). Instead, the jurisdiction granted by § 405(g) is limited to "affirming, modifying, or reversing the [final] decision of the Commissioner." 42 U.S.C. § 405(g).

Because Plaintiff is proceeding pro se, the Court will consider whether the Federal Tort Claims Act (FTCA), although not cited in his Amended Complaint, could apply to Plaintiff's claim for damages against the Social Security Administration. The FTCA provides both a jurisdictional grant and a waiver of sovereign immunity: 28 U.S.C. § 1346(b)(1) creates federal jurisdiction to decide cases against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"; 28 U.S.C. § 2674, in turn, waives the sovereign immunity of the United States, making it liable in tort "in the same manner and to the same extent as a private individual under like circumstances."

8

Plaintiff's Amended Complaint does not properly state a claim under the FTCA. First, it does not name the United States as defendant. *See Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA action is the United States."). Assuming that defect could be cured, there are additional problems with Plaintiff's allegations. He has not identified conduct that, if a private person took instead, would render that person liable to Plaintiff under the tort laws of the State of Indiana. Although Plaintiff asserts that the decision of Defendant's agent was "discrimination" based on his "race, sex, disability, national origin, etc." and he cites the Indiana Civil Rights Law, he offers no factual basis for the allegation. The only fact alleged in support of the claim of discrimination is that the agent told him "they don't care." (Compl. ¶¶ 7, 10.) This assertion does not state a plausible claim for relief under any statute or law.

Moreover, a plaintiff may not sue under the FTCA without first presenting the claim to the appropriate federal agency. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."). Congress intended for claimants to completely exhaust administrative remedies prior to initiating suit. *See McNeil v. United States*, 508 U.S. 106, 111–12 (1993). Plaintiff's Complaint does not demonstrate, or create a reasonable inference of, adherence to these prerequisites. *See* 20 C.F.R. § 429.101–110 (setting out procedures for filing claims under the FTCA for money damages against the United States for damages caused by negligent or wrongful act of an employee of the Social Security Administration). Thus, despite the

9

FTCA's grant of jurisdictional authority to federal courts, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

Even the most generous reading of Plaintiff's Amended Complaint does not lead the Court to identify this litigation as (1) a class of case falling within the Court's adjudicatory authority (for the challenge to the merits of Defendant's decision to withhold $100.00 from Plaintiff's benefits); or (2) stating a claim upon which relief can be granted (for the claim of discrimination).

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss or, alternatively, for summary judgment [ECF No. 13]. Plaintiff's Amended Complaint is DISMISSED. All other pending motions [ECF Nos. 4, 8, 11, 12, 18, 21, 23, and 26] are termed as MOOT.

SO ORDERED on June 6, 2019.

                                            s/ *Holly A. Brady*
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT