# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

CHRISTOPHER E. WASHINGTON,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

CAUSE NO.: 1:19-CV-97-HAB

## OPINION AND ORDER

Plaintiff Christopher E. Washington, proceeding pro se, sued the Social Security Administration in connection with its decision to withhold $100.00 per month from his disability payments until previous overpayments were paid back in full. The Court dismissed his claims, and he filed a Notice of Appeal [ECF No. 29], Motion for Issuance of Subpoena [ECF No. 30], two Motions for Leave to Proceed on Appeal In Forma Pauperis [ECF Nos. 32, 33], and an Affidavit in Support of Motion to Proceed In Forma Pauperis [ECF No. 34].

A motion to appeal in forma pauperis is governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. The statute states that such an appeal "may not be taken . . . if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). To find that an appeal is taken in good faith, the court must determine "that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). "[U]nder § 1915(a)(3) . . .

'good faith' must be viewed objectively." *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000). Therefore, even if an appeal is taken in subjective good faith, if there is no objective basis for the appeal, including where no reasonable person could suppose the appeal has merit, then it is not taken in "good faith" under the statute and a petition to proceed in forma pauperis with such an appeal must be denied.

This appeal is not taken in good faith for the reasons stated in this Court's Opinion and Order [ECF No. 28] dismissing the case, specifically, the failure to identify a statute that conferred both subject matter jurisdiction on the district court and waived the sovereign immunity of the United States to the cause of action. Neither the allegations in the Amended Complaint nor Plaintiff's various exhibits identified a final decision of the agency that was subject to judicial review. Plaintiff intends to challenge this finding on appeal. However, he has not identified any basis upon which a reasonable person could conclude that his lawsuit was a challenge to a final decision of the Commissioner. Even if Plaintiff participated by telephone in a personal conference, the process for exhaustion of remedies was far from complete. *See* 20 C.F.R. §§ 404.506 & 404.930. The Court's previous Order also thoroughly addressed the Letter that Plaintiff contends is proof that all administrative remedies were exhausted. The Court explained that the Office of the General Counsel sent the March 11, 2019, Letter to Plaintiff in response to a program discrimination complaint he filed on January 15, 2019. (ECF No. 4 at 3 ("Re: Your Civil Rights Discrimination Complaint".) The Letter was not in response to any appeal of the decision related to Defendant's recovery of the overpayment.

In his Notice of Appeal, Plaintiff also complains that the Court did not permit him an opportunity to amend his complaint, but that is wrong. The Court's Opinion and Order specifically stated that "the Court deems the operative pleading to be the Amended Complaint" that Plaintiff is seeking leave to file.

Finally, Plaintiff asserts that it was error for the Court not to grant his Motion to Impose Sanctions against Defendant. Plaintiff argued that sanctions were warranted because Defendant provided false and misleading information concerning whether Plaintiff exhausted his administrative remedies. For reasons set forth above related to exhaustion of remedies, the Court finds that there is no objective basis for an appeal of the Court's decision not to impose sanctions.

The Court certifies that Plaintiff's appeal is not taken in good faith. Plaintiff's Motions for Leave to Proceed in Forma Pauperis [ECF Nos. 32, 33] are DENIED. The Plaintiff may appeal this Court's denial of leave to proceed in forma pauperis under Fed. R. App. P. 24(a)(5). The Clerk is directed to provide notification of the Court's Order to the court of appeals under Fed. R. App. P. 24(a)(4). The Motion for Issuance of Subpoena [ECF No. 30] is DENIED because the motion to which it relates, Plaintiff's Motion to Impose Sanctions, is no longer pending and this case is closed.

SO ORDERED on June 20, 2019.

                                        s/ *Holly A. Brady*
                                        JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT